**Pages 1 - 16**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) VS. ) REYNALDO VARGAS, ) ) Defendant. ) _____) | NO. CR 14-00102 CRB |

San Francisco, California
Tuesday, October 21, 2014

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
        MELINDA HAAG
        United States Attorney
        450 Golden Gate Avenue
        San Francisco, California 94102
  **BY: RODNEY C. VILLAZOR, ESQ.**
       **JOHN H. HEMANN, ESQ.**
       **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant:
        RAINS LUCIA STERN, PC
        220 Montgomery Street, Suite 484
        San Francisco, California 94104
  **BY: HARRY S. STERN, ESQ.**
       **ATTORNEY AT LAW**

Reported By:      James C. Pence, RMR, CRR, CSR No. 13059
                     Official Court Reporter

| | |
|---|---|
| 1 | **Tuesday - October 21, 2014**                                          9:58 a.m. |

2                     **P R O C E E D I N G S**

3                              ---oOo---

4          **THE CLERK:**  Calling Case CR 14-0102, the United States

5   of America versus Reynaldo Vargas.

6          Appearances, counsel.

7          **MR. VILLAZOR:**  Good morning, Your Honor.  Rodney

8   Villazor and John Hemann for the United States.

9          **MR. HEMANN:**  Good morning, Your Honor.

10         **THE COURT:**  Good morning.

11         **MR. STERN:**  Good morning, Your Honor.  Harry Stern

12  appearing here on behalf of Mr. Vargas, who's present in court.

13         **THE COURT:**  Good morning.

14         **MR. VILLAZOR:**  Your Honor, I apologize.  We had a

15  printing issue, and we're missing a page of the final plea

16  agreement.

17         **THE COURT:**  Oh.

18         **MR. VILLAZOR:**  You already have the original text.  We

19  just had some footers missing.  If we can have five minutes --

20         **THE COURT:**  Sure.  Of course.  Of course.

21         **MR. VILLAZOR:**  -- to reprint it, I apologize for

22  that --

23         **THE COURT:**  Okay.  Just give me a jingle.

24                         (Recess taken.)

25         **THE CLERK:**  Calling Case -- you may be seated.

1  Calling Case CR 14-0102, the United States of America versus
2  Reynaldo Vargas.
3      Appearances, counsel.
4      **MR. VILLAZOR:**  Good morning again, Your Honor.  Rodney
5  Villazor and John Hemann for the United States.
6      **THE COURT:**  Good morning.
7      **MR. HEMANN:**  Good morning, Your Honor.
8      **MR. STERN:**  Harry Stern here for Mr. Vargas, who's
9  present in court.
10     With the Court's indulgence for a moment, Your Honor.
11     **THE COURT:**  Sure.
12     **MR. STERN:**  Thank you.
13     **THE COURT:**  Yes.
14              (Counsel confer.)
15     **MR. VILLAZOR:**  Sorry, Your Honor.  A little
16 word-smithing.
17     **THE COURT:**  That's okay.
18              (Counsel confer.)
19     **MR. STERN:**  21st?
20     **MR. HEMANN:**  Yes.
21     **MR. VILLAZOR:**  Yes.
22     **THE CLERK:**  Mr. Vargas, please raise your right hand.
23     You do solemnly swear that the answers you shall make
24 shall be the truth, the whole truth, and nothing but the truth,
25 so help you God?

1    **THE DEFENDANT:** I do.
2    **THE COURT:** Mr. Vargas, you understand you're now
3 under oath and must answer my questions truthfully?
4    **THE DEFENDANT:** Yes, I do, Your Honor.
5    **THE COURT:** And what is your full name?
6    **THE DEFENDANT:** My full name is Reynaldo
7 R-e-y-n-a-l-d-o, Camargo, C-a-m-a-r-g-o, Vargas, V-a-r-g-a-s.
8    **THE COURT:** And how old are you, sir?
9    **THE DEFENDANT:** I am 45 years old, sir.
10   **THE COURT:** How far did you go in school?
11   **THE DEFENDANT:** I'm a -- I was a senior at university.
12   **THE COURT:** And have you been treated recently for any
13 mental illness or addiction to narcotic drugs of any kind?
14   **THE DEFENDANT:** No, Your Honor.
15   **THE COURT:** Are you currently under the influence of
16 any drug, medication, or alcoholic beverage of any kind?
17   **THE DEFENDANT:** No, Your Honor.
18   **THE COURT:** Have you received a copy of the charges
19 pending against you?
20   **THE DEFENDANT:** Yes, Your Honor.
21   **THE COURT:** And have you had an opportunity to discuss
22 those charges and your case in general with your attorney?
23   **THE DEFENDANT:** Yes, Your Honor.
24   **THE COURT:** Are you fully satisfied with the
25 representation given to you in this case by your attorney?

1 **THE DEFENDANT:** I am, Your Honor.

2 **THE COURT:** Now, there is a plea agreement in this
3 case. Did you have an opportunity to read and discuss the plea
4 agreement with your lawyer before you signed it?

5 **THE DEFENDANT:** Yes, I have, Your Honor.

6 **THE COURT:** Does the plea agreement represent in its
7 entirety any understanding you have with the Government?

8 **THE DEFENDANT:** Yes, Your Honor.

9 **THE COURT:** Do you understand all the terms of the
10 plea agreement?

11 **THE DEFENDANT:** Yes, Your Honor.

12 **THE COURT:** Has anyone made any promise or assurance
13 that is not in the plea agreement to persuade you to accept
14 this agreement?

15 **THE DEFENDANT:** No, they have not, Your Honor.

16 **THE COURT:** Has anyone threatened you in any way to
17 persuade you to accept this agreement?

18 **THE DEFENDANT:** No, Your Honor.

19 **THE COURT:** Do you understand that the terms of the
20 plea agreement are merely recommendations of the Court, that I
21 can reject the recommendations without permitting you to
22 withdraw your plea of guilty and impose a sentence that is more
23 severe than you may now anticipate?

24 **THE DEFENDANT:** I do, Your Honor.

25 **THE COURT:** Has anyone attempted in any way to force

```
 1  you to plead guilty or otherwise threatened you?
 2          THE DEFENDANT:  No, Your Honor.
 3          THE COURT:  Has anyone made any promises or assurances
 4  of any kind to get you to plead guilty other than those that
 5  are contained in the plea agreement?
 6          THE DEFENDANT:  No, Your Honor.
 7          THE COURT:  Are you pleading guilty of your own free
 8  will because you are guilty?
 9          THE DEFENDANT:  No, Your Honor.
10          THE COURT:  Are you pleading guilty because you are
11  guilty or --
12          THE DEFENDANT:  Yes, I am.
13          THE COURT:  You are?
14          THE DEFENDANT:  I'm sorry.  I misheard you,
15  Your Honor.
16          THE COURT:  Okay.  All right.  Do you understand the
17  offenses to which you are pleading guilty -- he's pleading
18  guilty to more than one offense?
19          MR. VILLAZOR:  Yes, Your Honor.
20          THE COURT:  -- are felony offenses, if your pleas are
21  accepted, you will be adjudged guilty of those offenses, and
22  that such adjudication may deprive you of valuable civil rights
23  such as the right to vote, the right to hold public office, the
24  right to serve on a jury, and the right to possess any kind of
25  firearm?
```

1   **THE DEFENDANT:**  I do understand, Your Honor.
2   **THE COURT:**  Are you a citizen of the United States?
3   **THE DEFENDANT:**  Yes, Your Honor.
4   **THE COURT:**  What are the possible consequences of the
5   plea?
6   **MR. VILLAZOR:**  For immigration purposes, Your Honor,
7   or for --
8   **THE COURT:**  No, for all purposes.
9   **MR. VILLAZOR:**  The maximum penalties, Your Honor?
10  **THE COURT:**  Yes.
11  **MR. VILLAZOR:**  For Count 1, conspiracy to distribute
12  controlled substances, the defendant faces a maximum prison
13  term of 20 years, a million-dollar fine.  He faces a minimum of
14  three years' supervised release, maximum of lifetime supervised
15  release.
16      For the Count 2, distribution of marijuana, he faces the
17  same as Count 1, the 20 years, one million, three years'
18  supervised release minimum, maximum life.
19      For Count 4, he faces a maximum penalty of five years, a
20  250,000-dollar fine, and a maximum term of supervised release
21  of three years.
22      And for Count 5, it's a maximum of ten years,
23  250,000-dollar fine, maximum three years' supervised release.
24      And for each of these counts, he faces a special
25  assessment fee of a hundred dollars per count.

1   **THE COURT:** Do you understand that those are the
2   possible consequences of your plea?
3   **THE DEFENDANT:** Yes, I do, Your Honor.
4   **THE COURT:** Now, in entering this plea, as I read the
5   plea agreement, it contemplates that you may be assisting the
6   Government in its prosecutions; is that correct?
7   **THE DEFENDANT:** Yes, Your Honor.
8   **THE COURT:** And you understand that the -- the
9   decision as to whether or not you have rendered substantial
10  assistance to the prosecution is a decision that the
11  prosecution alone makes, not your lawyer and not the Court?
12      Do you understand that?
13  **THE DEFENDANT:** I do understand that, Your Honor.
14  **THE COURT:** Now, is this a case in which a safety
15  valve is also involved or not?
16  **MR. VILLAZOR:** No, Your Honor. It's -- for the
17  marijuana distribution and the conspiracy, there is no
18  mandatory minimum.
19  **THE COURT:** Okay. All right. Okay. Let me proceed.
20      Have you and your attorney talked about the advisory
21  sentencing guidelines?
22  **THE DEFENDANT:** Yes, Your Honor.
23  **THE COURT:** Do you understand that's only one factor
24  among other factors that the Court uses in determining what the
25  appropriate sentence is?

1       **THE DEFENDANT:**  I do, Your Honor.

2       **THE COURT:**  Do you understand you have the right to
3  plead not guilty to any offense charged against you, to persist
4  in that plea?  You would then have the right to a trial by
5  jury.  At trial, you'd be presumed to be innocent, and the
6  Government would have to prove your guilt beyond a reasonable
7  doubt.

8       You'd have the right to assistance of counsel for your
9  defense appointed by the Court, if necessary, at trial and
10 every other stage of the proceeding, the right to see and hear
11 all the witnesses and have them cross-examined in your defense,
12 the right on your own part to decline to testify unless you
13 voluntarily elected to do so in your own defense, and the right
14 to compel the attendance of witnesses to testify in your
15 defense.

16      **THE DEFENDANT:**  Yes, I do, Your Honor.

17      **THE COURT:**  Do you understand that should you decide
18 not to testify or put on any evidence, these facts cannot be
19 used against you?

20      **THE DEFENDANT:**  Yes, Your Honor.

21      **THE COURT:**  Do you further understand that by entering
22 pleas of guilty, if the pleas are accepted by the Court, there
23 will be no trial, and you will have given up your right to a
24 trial as well as those other rights associated with the trial
25 as I've just described them?

1       **THE DEFENDANT:** Yes, Your Honor.
2       **THE COURT:** What are the essential elements of the
3  offenses to which the defendant is pleading guilty?
4       **MR. VILLAZOR:** For Count 1, conspiracy to distribute
5  controlled substances, there are two elements:
6       1.  There was an agreement between two or more persons to
7  distribute a controlled substance; and
8       2.  The defendant became a member of the conspiracy
9  knowing of at least one of its objects and intended --
10 intending to help accomplish it.
11      Count 2, distribution of marijuana.
12      The defendant knowingly delivered a controlled substance;
13 and
14      2.  The defendant knew it was a controlled substance and,
15 as an aside, that marijuana is, in fact, a controlled substance
16 in Schedule I.
17      Count 4, there was an agreement -- excuse me -- conspiracy
18 to commit theft concerning federally funded program.
19      1.  There was an agreement between two or more persons to
20 commit theft concerning a federally funded program.
21      2.  The defendant became a member of the conspiracy
22 knowing of at least one of its objects and had intended to help
23 accomplish it.
24      3.  One of the members of the conspiracy performed at
25 least one overt act on or after the date of the commencement of

the conspiracy for purposes of carrying out the conspiracy.

And 5, the theft concerning federally funded program. There are five elements:

1. At the time of the alleged indictment date, the defendant was an agent of a local government.

2. In a one-year period, the local government received federal benefits in excess of $10,000.

3. The defendant stole, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied property.

4. The property stolen, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied was in the care, custody, or control of the local government; and

5. The value of the property stolen, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied was at least $5,000.

**THE COURT:** Mr. Vargas, you've heard the Government recite the essential elements of each of the four counts which you are pleading guilty. Is it your belief that if the case went to trial, the Government would be able to prove beyond a reasonable doubt each and every element of each and every offense?

**THE DEFENDANT:** Yes, Your Honor.

**THE COURT:** Okay. Now, I'd like you to take a look at your plea agreement.

You read it carefully; is that true?

1     **THE DEFENDANT:** That is true, Your Honor.

2     **THE COURT:** Okay. And I'd like you to look at Page 2
3  of the plea agreement. I think -- maybe it's Page 3. They're
4  not numbered. It's the third page which starts with Paragraph
5  2 on Line 26.

6     Do you see that?

7     **MR. STERN:** Yes, Your Honor.

8     **THE COURT:** Okay.

9     **THE DEFENDANT:** Yes.

10    **THE COURT:** I want you to go over to the next page,
11 and that -- there's a -- there's some -- a change on Line 9.
12 It reads: "When I provided marijuana to them, I knew and
13 intended that they would attempt to sell marijuana. Robles,
14 D.B., and J.W. were aware of and agreed to the plan at the time
15 I gave the marijuana to D.B. and J.W.," semicolon, "Furminger
16 found out what I had done shortly thereafter."

17    Do you see that?

18    **THE DEFENDANT:** Yes, Your Honor.

19    **THE COURT:** And did you make that change in the plea
20 agreement?

21    **THE DEFENDANT:** Yes, Your Honor.

22    **THE COURT:** Okay. And continuing now -- well, through
23 the bottom of that page, that paragraph, Paragraph 2, is a
24 recitation of a number of facts, which you say you've read
25 carefully.

1       Is each and every fact that is stated in that paragraph
2  true and correct?
3           **MR. STERN:**  Your Honor, could you --
4           **THE COURT:**  Yeah.
5           **MR. STERN:**  -- direct us to a line number?
6           **MR. VILLAZOR:**  So this is -- excuse me a minute,
7  Your Honor.
8           **THE COURT:**  Well, it starts on --
9           **MR. STERN:**  Oh, I see it.
10          **THE COURT:**  It's Paragraph 2 starting on Line 26.
11 Then it goes all the way through to the end of the next page,
12 which is Line 28.
13          **MR. STERN:**  We understand, Your Honor.
14          **THE DEFENDANT:**  Yes, Your Honor.
15          **THE COURT:**  Okay.  Now, my question is:  Having read
16 that Paragraph 2 carefully, is each and every fact that is
17 stated in that paragraph true and correct?
18          **THE DEFENDANT:**  Yes, Your Honor.
19          **THE COURT:**  And is it your belief at trial that each
20 and every fact that is stated in Paragraph 2 would be proven by
21 the Government?
22          **THE DEFENDANT:**  It is my belief, Your Honor.
23          **THE COURT:**  Okay.  You may take the plea.
24          **THE CLERK:**  Reynaldo Vargas, how do you plead to
25 Counts 1, 2, 4, and 5 of the indictment?

1     **THE DEFENDANT:** I plead guilty.

2     **THE CLERK:** The plea of guilty as to Counts 1, 2, 4,
3  and 5 of the indictment have been entered, Your Honor.

4     **THE COURT:** Finding of this Court the defendant is
5  fully competent, capable of entering an informed plea. The
6  defendant is aware of the nature of the charges, the
7  consequences of the plea, and the pleas of guilty are knowing
8  and voluntary pleas supported by an independent basis in fact
9  containing each of the essential elements of the offenses. The
10 pleas are therefore accepted, and the defendant is now adjudged
11 guilty of those offenses.

12    **THE CLERK:** Sentencing date, February 11th, 2015,
13 10:00 o'clock a.m.

14    **MR. VILLAZOR:** Your Honor, as the Court may
15 anticipate, we obviously have codefendants that may or may not
16 ask for a continuance. We have a trial date of November 3rd.
17 If we can make this a status, the February 15 --

18    **THE COURT:** Well, okay. Yes, of course, we can make
19 it a status, but, you know, I'm -- I'll hear what the argument
20 is on the continuance. The case is prepared, is ready to go to
21 trial --

22    **MR. VILLAZOR:** Understood, Your Honor.

23    **THE COURT:** -- from the Court's point of view. So --

24    **MR. VILLAZOR:** Understood, Your Honor.

25    **THE COURT:** And if anything, the elimination of a

1  single -- of one of the three defendants makes it move a bit
2  faster.  I don't know, but I'll address that when the parties
3  come in.
4     **MR. VILLAZOR:**  Understood, Your Honor.
5     **THE COURT:**  Yeah.  But, however, I would be prepared
6  to -- from your point of view, Officer Vargas, that, you know,
7  you should continue on an expedited basis with respect to your
8  cooperation.  The case is scheduled to go November 3rd.
9     **THE DEFENDANT:**  Yes, Your Honor.
10    **THE COURT:**  Okay.  Thank you very much.
11    **MR. VILLAZOR:**  Thank you, Your Honor.
12    **MR. STERN:**  Thank you, Your Honor.
13    **THE COURT:**  Thank you.
14    **THE DEFENDANT:**  Your Honor, may I make a small
15 statement?
16    **THE COURT:**  You certainly can, if you wish.
17    **THE DEFENDANT:**  I would just --
18    **THE COURT:**  Have you discussed this with your
19 attorney?
20    **THE DEFENDANT:**  Yes, I have, Your Honor.
21    **THE COURT:**  Okay.  Go ahead.
22    **THE DEFENDANT:**  I would just like to say, Your Honor,
23 that for a period of time in my life, I was bluntly an idiot
24 and made some very poor, poor decisions.  And my appearance
25 here today is my attempt to both acknowledge those decisions

1  and accept responsibility for them.
2           **THE COURT:**  Well, I appreciate your remarks.
3           **THE DEFENDANT:**  And what I'd like to do also is
4  apologize to the San Francisco Police Department because I've
5  sullied their reputation, and I'd like to apologize to the City
6  and County of San Francisco because I've betrayed their trust,
7  and I'd also like to apologize for my former coworkers that
8  were put in the horrible position of having to testify against
9  one of their friends.
10        That's pretty much all I have to say, Your Honor.
11          **THE COURT:**  Thank you, Officer.  I appreciate that.
12          **MR. VILLAZOR:**  Thank you, Your Honor.
13          **THE COURT:**  Thank you.
14          **MR. STERN:**  Thank you, Your Honor.
15          **MR. HEMANN:**  Your Honor, I assume Mr. Vargas is
16  excused -- excused from the appearance this afternoon.
17          **THE COURT:**  Oh, of course.
18          **THE DEFENDANT:**  Thank you, Your Honor.
19          **MR. HEMANN:**  Thank you, Your Honor.
20          **THE COURT:**  Yeah.
21          **MR. VILLAZOR:**  Thank you, Your Honor.
22          **THE COURT:**  Okay.  Thank you.
23               (Proceedings adjourned at 10:27 a.m.)
24
25

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Monday, October 27, 2014

_____

James C. Pence, RMR, CRR, CSR No. 13059
U.S. Court Reporter