TERESA CAFFESE (SBN 124342)
LAW OFFICES OF TERESA CAFFESE
1000 Brannan Street, Suite 400
San Francisco, CA 94103
Telephone: (415) 536-1455
Facsimile: (415-522-1506
teresa@caffeselaw.com

Attorney for Defendant
EDMOND ROBLES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDMOND ROBLES, et al.<br><br>Defendants. | Case No. CR-14-102 CRB<br><br>**DEFENDANT EDMOND ROBLES' MOTION TO EXCLUDE EVIDENCE OF TEXT MESSAGES**<br><br>HRG DATE: NOVEMBER 6, 2014<br>TIME: 10:00 A.M.<br>CTRM: 6, 17TH FLOOR |

By this Motion, Defendant Robles moves to exclude a text message sent on February 7, 2012 to Ian Furminger. In a discussion about purchasing a generator, Robles writes to Furminger, "They're hella money ... Sergio nigga". Defendant Robles moves to exclude this text exchange under Federal Rules of Evidence 401 and 403 as irrelevant, inviting speculation by the jury and because it is prejudicial.

### ARGUMENT

1. **THE TEXT EXCHANGE IS NOT RELEVANT TO PROVE ANY ISSUE IN DISPUTE AND IS UNDULY PREJUDICIAL.**

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and if the fact is of consequence in determining the action. FRE 401. Even where relevant, evidence may be excluded if "its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of

time, or needless presentation of cumulative evidence." FRE 403. Unfair prejudice is "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003) (quoting Fed. R. Evid. 403, Advisory Committee Notes).

The government has indicated it will be introducing an excerpt from a conversation between Defendants Robles and Furminger on February 7, 2012, in which Furminger indicates he is looking to buy a generator. (Attached as Exhibit A). In the conversation, Defendant Robles texts, "They're hella money … Sergio nigga." This exchange should be excluded under Rule 401 because it is not relevant to prove any of the counts charged. First, even in the context of the entire conversation, the meaning of that particular text message is entirely unclear. Second, this correspondence is not relevant to show any wrongdoing by Defendant Robles. His mere reference to "Sergio" is not relevant to show any element of a conspiracy, particularly an agreement. In fact, Furminger appears to suggest a variety of ways to purchase or rent a generator, which Robles rejects. The text is also irrelevant to the charges because it falls well outside the timeframe of the alleged conspiracies and it was not included on the government's list of anticipated 404(b) evidence.

The text exchange is highly prejudicial under Rule 403. The epithets "fag" and "nigga" have no evidentiary value and would simply invite the criticism of the jurors. Even if the correspondence were sanitized, the vague nature of the conversation invites the jurors to speculate about what is meant by "…Sergio". The defense is unaware of any statement by Sergio Sanchez that he ever sold Robles a generator. Because no such statements have been provided, the text message should not be admitted.

2. **IF THE COURT ADMITS THE TEXT EXCHANGE, RULE 403 REQUIRES THAT IT BE SANITIZED AND LENGTHENED TO PROVIDE CONTEXT.**

Any introduction of this text exchange is unduly prejudicial under Rule 403. Nevertheless, if the Court admits this evidence, the exchange must be sanitized to avoid undue prejudice to Defendant Robles. Specifically, the defense requests that this Court order redaction of the epithets "fag" and "nigga" as well as Robles' comment, "Fuck that." These words have no evidentiary value, are not relevant to prove any fact or issue in dispute, and invite the criticism of the jury.

Additionally, where a party seeks to introduce a writing, Rule 106 requires the introduction "of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." FRE 106. Accordingly, the defense requests that a final redacted text message be added to the end of the exchange so that the jurors are aware that the conversation then shifted to another topic. The requested addition is a text from Furminger, which states, "[Redacted offensive language] I asked if You want to get coffee! At home...waiting for painter for other house." The addition of this text is necessary to illustrate that the conversation abruptly shifted away from the topic of the generator without any further reference to that topic.

### CONCLUSION

For the foregoing reasons, Defendant Robles respectfully requests that the Court exclude the text exchange in question as irrelevant and unduly prejudicial. Should the Court admit the text message, Defendant Robles requests that it be sanitized and lengthened as requested above.

DATED: November 5, 2014                    Respectfully submitted,


                                           LAW OFFICES OF TERESA CAFFESE


                                           By: ___/s/_____
                                           TERESA CAFFESE
                                           Attorney for Defendant
                                           EDMOND ROBLES

DEFENDANT ROBLES' MOTON TO EXCLUDE EVIDENCE OF TEST MESSAGES