1 MELINDA HAAG (CABN 132612)
United States Attorney

2

3 J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

4 RODNEY C. VILLAZOR (NYBN 4003596)
JOHN H. HEMANN (CABN 165823)

5 Assistant United States Attorneys

6     450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495

7     Telephone: (415) 436-7200
    john.hemann@usdoj.gov

8

Attorneys for Plaintiff

9

10 UNITED STATES DISTRICT COURT

11 NORTHERN DISTRICT OF CALIFORNIA

12 SAN FRANCISCO DIVISION

13

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 14-0102 CRB |
| Plaintiff, ) | GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTIONS TO EXCLUDE EVIDENCE REGARDING 726 POTRERO AVENUE |
| v. ) | |
| IAN FURMINGER and EDMOND ROBLES, ) | Date: November 6, 2014 |
| Defendants. ) | Time: 10:00 am |

Defendants' motions to exclude evidence regarding a theft that took place at 726 Potrero Avenue should be denied.

The United States intends to offer evidence that defendant Ed Robles and witness/co-defendant Reynaldo Vargas stole money while conducting a search of a home at 726 Potrero on June 18, 2009. The search was led by agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF), who requested assistance from the SFPD. Vargas and Robles were sent to assist in the search in response to the ATF request.

The United States anticipates that Vargas will testify that, during the search, Robles located money in the master bedroom and took it without alerting the ATF agents. The government believes

that one of the residents of the house, Cayetana Reynoso, will testify that approximately $2,000 was missing from her bedroom after the search. Vargas will testify that, after the search, Robles gave him approximately $1,000, which Vargas believed to be a 50% split of the money that Robles had taken.

After the search, Mrs. Reynoso and her husband sued the ATF, the City and County of San Francisco, and ATF Special Agent Megan Long, individually. Vargas and Robles were not named as defendants. In their civil complaint, the Reynosos asserted that the search was illegal, they were wrongfully detained during the search, their property was damaged, and that money was stolen during the search. *Reynoso v. City and County of San Francisco, et al.,* Case No. CV 10-0984 SI, Dkt. 1. When she was deposed, Mrs. Reynoso testified that approximately $2,000 of her money was stolen from her closet. Mr. Reynoso, her husband, separately testified that approximately $200,000 of his money was stolen from his closet. Mrs. Reynoso disclaimed any knowledge of the $200,000.

The ATF and Special Agent Long were represented in the litigation by the Civil Division of the U.S. Attorney's Office. The City was represented by the City Attorney's Office. The plaintiffs took Robles's deposition, at which he was represented by the City Attorney's Office. Robles denied under oath any knowledge of stolen money. The plaintiffs also deposed ATF SA Long, who likewise denied any knowledge of stolen money.

The defendants moved to dismiss or for summary judgment. The position of the federal defendants with regard to the stolen money was that there was no evidence to support plaintiffs' claims that money was stolen by agents of the United States. The City Attorney took the same position with regard to the SFPD officers were part of the search. Magistrate Judge James denied the summary judgment motions and, thereafter, the case was settled.

Vargas and Robles were indicted in February 2014. Vargas pleaded guilty pursuant to a cooperation agreement on October 21, 2014. In proffers with the FBI, Vargas said that Robles took money during the 726 Potrero search and split it with him. Vargas stated his belief that none of the federal agents participating in the search were aware of the stolen money.

Defendant Robles now moves to exclude evidence regarding the Potrero search on the basis that the U.S. Attorney's Office has a conflict as a result of its prior representation of the ATF and Special Agent Long in the civil litigation. He contends that U.S. Attorney's Office is taking inconsistent

positions with regard to the search by saying in the civil case that no money was taken and, in the criminal case, that Robles and Vargas took money.

Robles's position has no merit.  First, exclusion of admissible evidence in a criminal case would not be an appropriate remedy even if there was an alleged conflict.  Second, the position of the U.S. Attorney's Office in the civil litigation was not that no money was taken during the search, it was that there was no evidence that its clients – the ATF and Special Agent Long – took money during the search.  This remains the position of the United States.  Robles misstates the government's position in the summary judgment motion in his attempt to create a conflict.  Third, there is no conflict in the position being taken by the U.S. Attorney's Office in the criminal case:  Money was taken, not by the ATF and Special Agent Long, but surreptitiously by SFPD officers Robles and Vargas.  Vargas will testify that he does not believe that the federal agents at the scene had any knowledge or reason to know of Robles's theft.  Robles lied during his civil deposition regarding the theft of the money.

Furminger asserts that the evidence should be excluded under Rule 403 because the amount at issue – $200,000 – is so large that it will shock the jury and unfairly taint Furminger by association.  The amount of stolen money, however, that will be asserted by the government at trial is $2,000, not $200,000.  The evidence will be presented by Mrs. Reynoso, who testified in the civil action that approximately $2,000 of her money was taken, and Vargas, who informed the FBI that he received $1,000 from Robles shortly after the search and believed it to be a 50-50 split of the money Robles took from the residence.  This amount, $2,000, is not out of proportion in any way to the other evidence of money thefts that will be presented at trial.

For these reasons, defendants' motions to exclude evidence related to the search at 726 Potrero Street should be denied.

Respectfully submitted,

MELINDA HAAG
United States Attorney

*John H. Hemann*
_____
JOHN H. HEMANN
RODNEY C. VILLAZOR
Assistant United States Attorneys