MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JOHN H. HEMANN (CABN 165823)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    john.hemann@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 14-0102 CRB |
| Plaintiff, | |
| v. | GOVERNMENT'S OPPOSITION TO DEFENDANT ROBLES'S MOTION FOR A NEW TRIAL |
| IAN FURMINGER AND EDMOND ROBLES, | |
| Defendants. | |

In his motion for a new trial, defendant Edmond Robles makes two arguments, neither of which have merit. Under Rule 33, the Court may, upon the defendant's motion, vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a).

**A. Severance**

Robles first argues that a new trial should be granted because the Court failed to sever Robles from co-defendant Ian Furminger for trial. Robles focuses his argument on a single piece of evidence connected to a single incident, the November 19, 2009, theft from Crystal Ponzer and Burgess Crosby at a self-storage facility in the Sunset. Ex. 254 and RT 1416:16 – 1423:13. Robles argues that phone

records that show calls between Vargas and Furminger before and after the theft were improperly used by jurors to convict Robles. Def. Mem. at 4-5.

This argument is legally and factually frivolous. Severance is proper "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "In assessing the prejudice to a defendant from the 'spillover' of incriminating evidence, the primary consideration is whether 'the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence.'" *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992), quoting *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980). The fact that the jury rendered selective verdicts is highly indicative of its ability to compartmentalize the evidence. *United States v. Unruh,* 855 F.2d 1363, 1374 (9th Cir. 1980).

The proof at trial consisted of evidence regarding numerous incidents of theft by the defendants over a months-long period of time. This evidence came from not only Vargas, but also from Cesar Hernandez who testified that Robles initiated the scheme without Vargas. Robles's focus on one limited item of evidence from one of those incidents does not come close to justifying a severance. A severance is simply not appropriate, even if there is " a spillover from proof of one criminal act to proof of another criminal act," when that spillover "followed from the overarching character of the criminal enterprise." United States v. Martinez, 657 F.3d 811, 819 (9th Cir. 2011).

Robles's focus on and explanation of the call record evidence also is bizarrely misleading. Vargas testified that both Robles and Furminger participated in the theft from Ponzer and Crosby. The evidence is, as Robles points out, that there were phone calls directly between Vargas and Furminger on the afternoon of November 19, 2009, both before and after the theft. Ex. 282. However, there were also numerous calls and texts – indeed *more* calls and texts – between Furminger and Robles, intermingled around the calls between Furminger and Vargas. Ex. 282. It is manifestly obvious from the phone records that the three defendants were in constant communication with each other throughout the afternoon of November 19, 2009, when the theft took place. This is perfectly consistent with other evidence in the case that the three officers communicated with each other about their criminal conduct.

OPP. TO ROBLES MOT FOR NEW TRIAL
CR 14-0102 CRB

To say, as Robles does, that severance is required because there is not evidence of a phone call directly from Vargas to Robles on one occasion is absurd.

**B.  Verdict Form**

Although he couches his argument in terms of unanimity, Robles actually is arguing that the Court should have used a special verdict form, at least with regard to Count Seven.

The Court gave the jury the unanimity instruction requested by the defense as to Count Seven, the federal program theft count.  The defense did not request and the Court did not provide the jury with the special verdict form as to Count Seven.

The unanimity instruction was unambiguous and Robles does not challenge it.  Accordingly, a special verdict form was not only unnecessary, but is disfavored.  *United States v. Ramirez*, 537 F.3d 1075, 1080 (9th Cir. 2008).

The case on which Robles relies, *United States v. Amaya*, 731 F.3d 761 (8th Cir. 2013), is obviously distinguishable.  In *Amaya*, the verdict form did not have a place on it for the jurors to indicate whether one of the defendants, Javier, was guilty or innocent.  The district court attempted to solve this defect by polling the jurors in open court.  These plain errors, the Eighth Circuit held, violated Rule 31(a), and necessitated a new trial.

There was no such error in this case.

\* \* \* \*

Robles's motion for a new trial should be denied.

Respectfully submitted,

MELINDA HAAG
United States Attorney

*John H Hemann*

Dated:  February 13, 2015

_____
JOHN H. HEMANN
Assistant United States Attorney

OPP. TO ROBLES MOT FOR NEW TRIAL
CR 14-0102 CRB