BRIAN H GETZ, ESQ. (CSBN 85593)
LAW OFFICES OF BRIAN H GETZ
201 California Street, Suite 450
San Francisco, CA  94111
Telephone: (415) 912-5886
Facsimile: (415) 438-2655
Email: bhgetz@pacbell.net

Attorney for Defendant
IAN FURMINGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>IAN FURMINGER,<br><br>      Defendant. | CASE NO. CR-14-102 CRB<br><br>**SENTENCING MEMORANDUM OF DEFENDANT IAN FURMINGER**<br><br>DATE: FEBRUARY 23, 2015<br>TIME:  10:00 A.M.<br>CTRM: 6 |

Defendant Ian Furminger appears for sentencing after his conviction on two counts of wire fraud, one count of conspiracy against civil rights, and one count of conspiracy to commit theft concerning a federally funded program. Mr. Furminger submits this Sentencing Memorandum in advance of the hearing on February 23, 2015, with letters of support attached hereto as Exhibits A and B.  Mr. Furminger respectfully submits that a sentence below the Guidelines range is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

# **RELEVANT FACTS REGARDING THE DEFENDANT**[1]

Mr. Furminger was born in San Francisco and reared in the Bay Area. His parents are elderly and suffer from a variety of ailments which make them dependent on Mr. Furminger for care and assistance. PSR ¶¶60, 106.  Mr. Furminger helps to care for them, brings them food and helps his father to walk and stand.

Mr. Furminger was a police officer with the SFPD from 1995 until his resignation in 2014, a period of almost twenty years. PSR ¶80. Prior to this time, he was in the Field Training Officer Program. *See* Letter of Support by Michael J. Favetti ("Favetti Letter"), attached hereto as Exhibit A. He was an exceptional and distinguished officer, earning many awards including the following: a Bronze Medal of Valor in 1997 for chasing down a parolee who possessed a firearm; a Life Saving Award in 1999 for resuscitating a person who overdosed on heroin; the Bay Area Officer of the Year award in 2000 (he received 90% of the votes)[2] ; the Gold Medal of Valor in 2000 for valor during a shootout on October 6, 1998; the Police Commission Commendation in 2000 for catching a prostitute murderer (Jack Bockin) and a night club rapist (Kenneth Phelon); the 10851 Master Award in 2000 for recovering a large number of stolen cars; the Meritorious Conduct Award in 2002 for organizing efforts to locate suppliers of GHB and MDMA in clubs; and the Unit Citation in 2007 for catching the Golden Gate Park rapist by himself. *Id.* Throughout his police career, Mr. Furminger also earned over 100 Police Captain Commendations. *See* Martin Letter, Exh. B, at page 2. In fact, Mr. Furminger earned each and every award available except the Silver Medal of Valor, including the highest honor, the Gold Medal of Valor. PSR ¶80.

Mr. Furminger is described by those who know him best as loyal, honest and trustworthy, a man to whom one would entrust one's own life and those of one's family. *See* Favetti Letter, Exh. A, page 2.  He is described as a truly outstanding person and one who, on more than one occasion, was willing to lay down his life for the safety, protection and welfare

---

[1] The facts in this section are taken from the Presentence Report ("PSR") and the attached supporting letters.

[2] *See* Letter of Support by Kevin Michael Martin ("Martin Letter"), attached hereto as Exhibit B.

of others. Martin Letter, Exh. B., page 3. Mr. Furminger's soon-to-be ex-wife is supportive despite their differences, expressing disbelief that he could have committed these crimes, which she describes as "so shocking and out of character." PSR ¶66. She also describes Mr. Furminger as a great father, and commented to the probation officer that being a cop was the most important thing to him besides being a father. *Id*. Mr. Furminger's daughter was "shocked" when she heard of the instant offenses, and remains supportive of him. PSR ¶63. His daughter's mother, from whom Mr. Furminger separated in 2002, describes the defendant as always having good intentions, and requests leniency from the Court because she feels that Mr. Furminger truly loves his kids and family. PSR ¶64.

Mr. Furminger is a person who looks out for others, and is compassionate and empathetic. Martin Letter, Exh. B, page 1. Mr. Furminger is very involved in community service, coaching youth sports, and volunteering for school functions, book drives, as a physical education teacher at his children's schools, and at fundraisers for crime prevention. PSR ¶63. He has volunteered frequently at the University of California Hospital Children's Cancer Ward, delivered turkeys to St. Anthony's, and given his time to many other charitable activities. Martin Letter, Exh. B, page 1. Mr. Furminger is a good family man and a good father to his children, especially his young son who looks up to him and will need his father during his developmental years. PSR ¶¶63-66; Favetti Letter, Exh. A, page 2.

## THE APPLICABLE GUIDELINE SENTENCE

The Court requested, and the parties submitted, separate briefing on the applicable guidelines calculation, which the Court will determine at the hearing on February 18.

## A VARIANCE IS APPROPRIATE IN THIS CASE

The PSR states that the probation officer has not identified any factors that would warrant a departure from the applicable sentencing guidelines range. PSR ¶104. However, the PSR did identify a number of factors that may warrant a sentence outside of the advisory guidelines system. PSR ¶¶105-109. Mr. Furminger respectfully submits that a variance is appropriate and necessary, and that consideration of the §3553(a) factors counsels a sentence far below the guidelines range in this case.

In *United States v. Booker*, 125 S. Ct. 738, 757 (2005), the Supreme Court abandoned the rigidity of the guidelines, making the guidelines advisory only and authorizing judges to consider the full range of relevant considerations in imposing a fair and reasonable sentence. The Sentencing Reform Act, as revised by *Booker*, permits the court to tailor the sentence in light of other statutory concerns, such as the factors listed in 18 U.S.C. §3553(a). The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Under 18 U.S.C. §3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added).

There are factors present in this case which, taken together, form the basis for a variance from the applicable guidelines range. Mr. Furminger is 48 years old, and has had no prior criminal history. Although the lack of a criminal history is a factor that has already been considered by the Guidelines, it is a factor to be taken into consideration in determining the "combination of factors" that lead to a departure from the guidelines. *United States v. Fairless*, 975 F.2d 664, 668-69 (9th Cir. 1992). Mr. Furminger has a long history of public and community service, which supports a variance under U.S.S.G. §§5K2.08(a)(4) and 5H1.11. Where a defendant has a blameless record, his or her outstanding generosity should be able to be taken into account. *United States v. Takai*, 941 F.2d 738, 744 (9th Cir. Cal. 1991).

"[T]he district court must make a refined assessment of the many facts bearing on the outcome." *Koon v. United States*, 518 U.S. 81, 116 S. Ct. 2035, 2046, 135 L. Ed. 2d 392, 413 (1996). Mr. Furminger's conduct in connection with the offenses of conviction represents aberrant behavior, a factor which the Court may consider in imposing a sentence below the Guideline range. *United States v. Takai*, 941 F.2d at 742-44 (aberrant behavior is a mitigating circumstance of a kind or to a degree that the Sentencing Commission did not adequately take into account when formulating the Guidelines); see also U.S.S.G. Ch.1, Pt. A, Intro. (4)(d); *United States v. Martinez-Villegas*, 993 F.Supp. 766, 778 (C.D.Cal. 1998).

1    Mr. Furminger worked hard to provide for his family, and led a law-abiding until well
2  into his forties. He excelled as a police officer and was passionate about his career, as evidenced
3  by his receiving two medals of valor and numerous other commendations. PSR ¶107. He saved
4  lives and risked his own life to save others and to arrest criminals. *Id.* and Recommendation,
5  page 2. He is described as compassionate, trustworthy and loyal. The conduct underlying his
6  conviction was clearly aberrant.

7    The Ninth Circuit has held that there is an "aberrant behavior spectrum" in determining
8  when a departure for aberrant behavior should apply. *Takai*, 941 F.2d at 743. Courts may
9  consider a "convergence of factors" and should take into account the "totality of circumstances"
10 when considering where a defendant's behavior falls along the spectrum and whether to grant a
11 downward departure. *United States v. Fairless*, 975 F.2d at 667-68. Factors have included: (1)
12 the singular nature of the criminal act, (2) spontaneity and lack of planning, (3) the defendant's
13 criminal record, (4) psychological disorders the defendant was suffering from, (5) extreme
14 pressures under which the defendant was operating, including the pressure of losing his job, (6)
15 letters from friends and family expressing shock at the defendant's behavior, and (7) the
16 defendant's motivations for committing the crime. *Id.* at 668; *Takai,* 941 F.2d at 743-44.

17    In *Takai*, a downward departure was granted for aberrant behavior by "two persons who
18 by happenstance had seen a sudden opportunity to acquire green cards illegally." *Takai* at 744.
19 Here, too, it appears that Mr. Furminger became involved in a scheme not of his making which
20 presented an opportunity which Mr. Furminger failed to decline. The supporting letters express
21 shock that he would ever have become involved in criminal conduct, and attest that such
22 conduct is not in keeping with his character and will not be repeated. The PSR notes that these
23 sentiments are echoed by his family, including the mothers of his two children. PSR ¶¶63-66.
24 Further, as noted in the PSR, Mr. Furminger was suffering from anxiety and other impairments,
25 in addition to the extreme pressures inherent in his line of work and depression resulting from a
26 shooting in 1998. PSR ¶¶ 64,72-73, 75, 106.

27    For these reasons, the Court is urged to impose a sentence considerably below the
28 recommended guideline range. Such a sentence is authorized under U.S.S.G. §5C1.1(c)(3) and

would be sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

## CONCLUSION

Under the circumstances of this case, incarceration below the guideline range would be sufficient, but not greater than necessary to satisfy the goals of the Sentencing Reform Act, as revised by *Booker*. To the extent that the Court requires additional evidence on any issue addressed herein and pertinent to sentencing, Mr. Furminger respectfully requests or reserves the right to request an evidentiary hearing.

Respectfully submitted,

Dated: February 16, 2015      LAW OFFICES OF BRIAN H GETZ

/s/
BRIAN H GETZ
Attorney for Defendant
IAN FURMINGER