ANTHONY J. BRASS (SBN 173302)
3223 Webster Street
San Francisco, California 94123
Telephone: 415-922-5462
Email: Tony@brasslawoffice.com

WILLIAM J. GENEGO (SBN 103224)
Law Office of William Genego
2115 Main Street
Santa Monica, California 90405
Telephone: 310-399-3259
Email: bill@genegolaw.com

Counsel for Defendant
Edmond Robles

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDMOND ROBLES,<br><br>　　　　Defendant. | **Case No. CR 14-0102-02-CRB**<br><br>EDWARD ROBLES' MOTION TO CONTINUE SENTENCING AND TO EXTEND THE TIME TO SUPPLEMENT HIS NEW TRIAL MOTION |

　　Defendant Edmond Robles, by counsel, moves the Court to extend the time to supplement his new trial motion to April 10, 2015, to add a claim of ineffective assistance of counsel, and to continue his sentencing from the current date of March 18, 2015, to a date after April 10, 2015, that is convenient to the Court and the Government and allows the Government an opportunity to respond to the supplement to the new trial motion.

This motion is based on the memorandum of points and authorities which follows, the declaration of counsel, the files and records of the case and such further and additional evidence and argument as may be presented at a hearing on the motion

Respectfully Submitted

Dated: March 9, 2015

*/s/ Anthony Brass*

*/s/ William J. Genego*

Counsel for Defendant Edmond Robles

I.   **Introduction**

Following Edmond Robles conviction the Court orally granted an extension of time within which to file a motion for a new trial pursuant. Mr. Robles' trial counsel filed a new trial motion on January 16, 2015. Dkt. 193.

Thereafter, Mr. Robles obtained new counsel and the Court approved the request that he replace trial counsel. Dkt. 220, 223. The Court also granted new counsel an opportunity to supplement the new trial motion, and continued the hearing on the new trial motion and the sentencing to March 18, 2015. Dkt. 233.

Mr. Robles' new counsel has identified substantial grounds which support a claim that Mr. Robles was denied his Sixth Amendment right to the effective assistance of counsel at trial, and intends to supplement the new trial motion with a claim of ineffective assistance of counsel ("IAC"). This Court has authority to adjudicate a prejudgment IAC claim. *United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013) (holding that "'when a claim of ineffective assistance of counsel is first raised in the district court prior to judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding.'"), quoting *United States v. Brown*, 623 F.3d 104,113 (2d Cir. 2010).

Mr. Robles seeks a continuance of the sentencing to allow him sufficient time to supplement his new trial motion with the IAC claim. Mr. Robles requests that he be allowed until April 10, 2015 to supplement his new trial motion, and that the sentencing be continued to a date thereafter that will provide the Government with time to respond to, and for the Court to adjudicate the motion.

II.   **There Is Good Cause to Extend the Time to Supplement the New Trial Motion to Include a Claim of Ineffective Assistance of Counsel**

In preparing to supplement the new trial motion, counsel identified grounds which support a claim that Mr. Robles was denied the effective assistance of counsel at trial. The grounds identified to date include trial counsel's objectively unreasonable

1  failure to investigate, and present evidence to establish, the innocent explanation for
2  what appeared to be perhaps the most incriminating evidence against Mr. Robles – his
3  seemingly sudden possession of a large amount of cash on May 26, 2009 which he
4  deposited into his bank and used to pay credit card bills, and additional cash he used to
5  purchase a bicycle shortly thereafter. These expenditures appeared to be especially
6  significant because the jury was told by a government witness that five days earlier, on
7  May 21, a balance inquiry was made on Mr. Robles' account and the balance at that
8  time was $2.00. Reporter's Transcript ("RT") 1060. The prosecution's damning, and
9  uncontradicted, explanation for the cash was that it represented Mr. Robles' share of a
10 $31,000 theft committed on May 25, 2009 during a search in Newark by him and his
11 codefendants.
12     The deposit and expenditure of case not only incriminated Mr. Robles, but it
13 appeared to corroborate the testimony of government witness and cooperating co-
14 defendant Reynaldo Vargas, that he and Mr. Robles and co-defendant Furminger had
15 in fact committed a theft of $31,000 at the Newark property. Further, by corroborating
16 Vargas' testimony as the alleged Newark theft, the evidence inferentially enhanced
17 Vargas' credibility as to all other matters as to which he testified.
18     Had Mr. Robles' counsel conducted a reasonable investigation, she would have
19 obtained evidence showing the innocent explanation for the cash. Bank records and
20 available witness testimony establish that Mr. Robles had been hoarding cash from
21 ATM withdrawals for over a year in anticipation of a separation from his wife, and the
22 money was used to pay bills and make other purchases during a period of attempted
23 reconciliation. See Exhibit A (Declaration of William Genego). Had Mr. Robles'
24 attorney conducted the necessary investigation she would also have been able to
25 establish that the $2.00 amount listed on the bank statement in connection with the
26 May 21 balance inquiry was in fact the charge for making the balance inquiry, and *not*
27 the bank balance, and that the inquiry was made not by Mr. Robles but by his wife. *Id.*
28

Edmond Robles Motion to
Continuance Sentencing            2            Case No. CR 14-0102-02-CRB

1      Counsel's review of the record has revealed multiple other instances of
2 objectively unreasonable errors which further support the IAC claim. Mr. Robles
3 submits that the Court should adjudicate IAC claim prior to the entry of judgment, and
4 requests that he allowed time to supplement the new trial motion to include all the
5 grounds that support the IAC claim.
6      In *Steele*, the Ninth Circuit recognized that among the reasons weigh in favor of
7 considering an IAC claim prior to judgment are that it avoids a defendant having to
8 serve months in prison waiting for his claim to be heard and the "weakening of
9 memories and aging of evidence" that results from lengthy delays. *Steele*, 733 F.3d at
10 897 (citations omitted). The Court also recognized that the decision whether to consider
11 the claim prejudgment "'may depend on, among other things, whether the court would
12 need to relieve the defendant's attorney … in order to properly adjudicate the merits of
13 the claim,' … the existence of evidence already in the record indicating ineffective
14 assistance of counsel, or upon the scope of the evidentiary hearing that would be
15 required to fully decide the claim." *Id.* 733 F.3d at 897, quoting *Brown*, 623 F.3d at 113.
16      All of these considerations weigh in favor of considering Mr. Robles' IAC claim
17 prior to judgment. Given the substantial nature of his claim, he should not have to wait
18 months or perhaps years to present it to the Court, and delaying the claim for that
19 period of time will result in weakened memories and deteriorating evidence. Moreover,
20 if the Court determines Mr. Robles is entitled to relief and orders a new trial, it would
21 be far preferable for the trial to occur now rather than in several years.
22      The disruption to the proceedings will be minimal. There is no need to obtain
23 new counsel to litigate the claim, as Mr. Robles already has new counsel, and the Court
24 has already agreed to allow him to supplement his previously filed new trial motion.
25 The existing record provides support for the claim, and Mr. Robles will further support
26 the claim with witness declarations and bank records with the supplemental motion,
27 which will limit the scope of any evidentiary hearing.
28

1     This showing is sufficient to establish that this is a case where the Court should
2 adjudicate the IAC claim prior to judgment, and should therefore allow additional time
3 to full prepare the claim. There is good cause for the requested extension because
4 counsel have been diligent and have made substantial progress in preparing the IAC
5 claim, but there is not sufficient time to complete the supplement to the new trial
6 motion in advance of the March 18 hearing date. Even if the Court is not yet certain
7 the IAC claim should be adjudicated in advance of judgment, the Court should grant
8 the extension of time to supplement the new trial motion with the IAC claim, and then
9 determine whether it should be adjudicated prior to judgment.

10

11 **III. Conclusion**

12     For all the foregoing reasons, the Court should extend the time to supplement
13 the new trial motion to April 10, 2015 and continue the sentencing to a date thereafter
14 that is convenient to the Court and the Government and allows the Government
15 sufficient time to respond to the motion.

16

17                                   Respectfully Submitted

18 Dated: March 9, 2015

19                               */s/ William S. Genego*
20                               */s/ Anthony J. Brass*
21                               Counsel for Defendant Edmond Robles

22

23

24

25

26

27

28

Edmond Robles Motion to
Continuance Sentencing                               4                             Case No. CR 14-0102-02-CRB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDMOND ROBLES,<br><br>Defendant. | Case No. 14-CR-00102-CRB<br><br>DECLARATION OF WILLIAM GENEGO TO MOTION TO CONTINUE SENTENCING AND EXTEND TIME TO SUPPLEMENT NEW TRIAL MOTION |

I, William J. Genego, declare as follows:

1. I am an attorney licensed to practice in California and am a member in good standing of the California State Bar and the Bar of this Court.

2. I have been associated as counsel for Defendant Edmond Robles by his counsel of record, Attorney Anthony Brass.

3. This declaration is to be submitted with the motion to continue Mr. Robles sentencing and to extend the time for him to supplement his new trial motion.

4. Based on my review of the record and post-conviction investigation to date, including witness interviews and review of Mr. Robles' bank records, the grounds I have identified which support a claim of ineffective assistance of counsel include trial counsel's failure to investigate and present evidence to establish the innocent explanation for Mr. Robles possession of the $6,000 in cash he deposited on May 26, 2009 and the cash funds he used to purchase a bicycle days thereafter.

5. The bank records are consistent with the innocent explanation that Mr. Robles had been hoarding cash from ATM withdrawals for over a year in anticipation of a separation from his wife, and the money was then used to pay bills and make other

1  purchases during a period of attempted reconciliation.

2      6.    An examination of the bank records also show that the $2.00 amount
3  associated with the balance inquiry on May 21, 2009, was the charge for making the
4  inquiry and not the balance in the account. An examination of the records also reveals
5  that the inquiry was made with Erin Robles' debit card, and not Mr. Robles' debit card.

6      I declare under penalty of perjury that the foregoing is true and correct.

7      Signed this 9th day of March, 2015, at Santa Monica, California.

9                                                      */s/ William J. Genego*
10                                                     William J. Genego

Edmond Robles Motion to
Continuance Sentencing                6               Case No. CR 14-0102-02-CRB