IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>EDMOND ROBLES,<br><br>    Defendant. | No. 3:14-cr-00102-CRB<br><br>**ORDER DENYING BAIL PENDING APPEAL** |

Now pending before the Court is Edmond Robles's motion for bail pending appeal. Mot. Bail (dkt. 284). Under the Bail Reform Act of 1984, a "judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds – (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person in the community if released . . .; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment less than the time already served plus the time expected for the duration of the appeal. 18 U.S.C. § 3143(b)(1). With respect to the latter requirement, the Court must resolve two questions: (1) whether the appellate issues raised by the defendant are "substantial" and (2) whether those issues are "likely to result in reversal." United States v.

1 Handy, 761 F.2d 1279, 1280–81 (9th Cir. 1985). A "substantial question" is one that is
2 "fairly debatable" or "fairly doubtful." Id. at 1283 (quotations omitted). The burden is on
3 Robles to overcome the presumption that he should be detained while his appeal is pending.
4 See United States v. Montoya, 908 F.2d 450, 451 (9th Cir. 1990) ("As the moving party, it is
5 [the defendant's] burden" to "raise[] a 'fairly debatable' issue on appeal.").

6       The Government agrees with Robles's representation that he is not a danger to the
7 community, notwithstanding evidence that in December 2014 (after his conviction for the
8 instant offense) Robles was ordered confined to his home for making threatening phone calls
9 to a man that had begun dating a woman whom Robles previously dated. Otherwise, Robles
10 appears to have strong ties to his children and an honorable record of military service. The
11 Court declines to reach the question whether Robles is a danger to the community or a flight
12 risk because Robles is, in any event, not entitled to bail under the second prong of the statute.

13       Robles's appeal fails to raise any substantial question of law or fact likely to result in
14 reversal, a new trial, or a reduced sentence. See 18 U.S.C. § 3143(b)(1); Handy, 761 F.2d
15 1280–81 (9th Cir. 1985). Both of Robles's arguments on appeal relate to a note addressed to
16 the Court by a juror after the testimony of witness Bernadette Melvin. Melvin had testified
17 that Robles had given her a new iPod during a period in which she had a romantic
18 relationship with him. Other evidence showed that Robles and Reynaldo Vargas purchased
19 that iPod with an Apple gift card that was taken during a search. In its entirety, the note from
20 the juror stated as follows:

21     To Whom It May Concern:
22     I just wanted to inform the Court that I have met one of the witnesses (prior to jury selection). I do not know Ms. Melvin personally, but I have met her once or twice in the past. Regards, [signature].
23

24 Dkt. 264-1 at 3. After the jury had been excused for the day and in open court with Robles
25 present, the Court provided the note to counsel. Both defense counsel for Robles and the
26 Government deferred to the Court's judgment about whether the juror should be questioned
27 regarding the note, and defense counsel did not ask that the juror be questioned. The Court
28 decided not to question the juror.

2

1    First, Robles argues that he is likely to prevail on appeal by showing that this Court
2    abused its discretion by declining to question the juror about the substance of the note,
3    despite defense counsel not requesting that the juror be questioned. There is no support for
4    Robles's position. The case on which Robles relies, Bell v. Uribe, 748 F.3d 857, 859–62
5    (9th Cir. 2013), involved a juror who was removed from the jury for violating the court's
6    instructions by doing independent research to put together a presentation for her fellow jurors
7    about what she believed to be the defendant's mental health conditions. The Ninth Circuit
8    provided a parenthetical citation to Dyer v. Calderon, 151 F.3d 974–75 (9th Cir. 1998) for
9    the proposition that "upon being alerted to potential juror misconduct, the trial court "must
10   undertake an investigation of the relevant facts and circumstances" and the investigation
11   must "be reasonably calculated to resolve the doubts raised about the juror's impartiality."
12   Bell, 748 F.3d at 867. But there is no allegation of juror misconduct here, potential or real.
13   And although Robles provides no support for his suggestion that further questioning is
14   required when there is a "potential for extraneous influence," even that potential does not
15   exist here, where the juror affirmatively stated that he did "not know Ms. Melvin personally."
16   Robles is unlikely to be able to show that this Court "abuse[d] its discretion [by] reach[ing] a
17   result that is 'illogical, implausible, or without support in inferences that may be drawn from
18   facts in the record'" on this issue, and thus does not raise a "substantial question" that is
19   "likely to result in reversal on appeal." See United States v. Montes, 628 F.3d 1183, 1187
20   (9th Cir. 2011) (quotations omitted).
21   Robles's second argument on appeal is so frivolous as to border on the nonsensical.
22   Robles argues that his right under Federal Rule of Criminal Procedure 43 and the Fifth
23   Amendment to be present at all trial proceedings was violated because he was not positioned
24   within the courtroom to look at the note and his attorney apparently did not physically show
25   it to him. All parties agree that the note was displayed and its substance discussed in open
26   court, not at sidebar, with Robles physically present and able to see and hear all proceedings.
27   See Mot. Bail at 10–11; Gov't Opp'n (dkt. 290) at 4. There is no authority or reasonable
28   argument for Robles's suggestion that his right to be present required anything more, or that

3

the Court had any responsibility to ensure that Robles actually read every exhibit admitted into evidence. In fact, the Supreme Court's decision in <u>United States v. Gagnon</u>, 470 U.S. 522, 526 (1985) forecloses Robles's arguments. <u>Gagnon</u> involved a district court's <u>in camera</u> interview, with defense counsel but not the defendant present, of a juror who had expressed concern about the defendant's behavior during the trial. <u>Id.</u> at 523–24. A transcript of the interview was made available to all of the parties, none of whom made any request contrary to the district court's actions. <u>Id.</u> at 524. The Supreme Court held that the defendants' Fifth Amendment rights were not violated because the defendants' presence at that "short interlude in a complex trial" was "not required to ensure fundamental fairness or a reasonably substantial opportunity to defend against the charge." <u>Id.</u> at 527 (quotation omitted). As to Rule 43 (assuming without deciding that it even applied), defendants had waived those rights by "not request[ing] to attend the conference [with the juror] at any time." <u>Id.</u> at 527–28.

In light of <u>Gagnon</u>, it is baseless to suggest that Robles's right were violated here, where there was not even an <u>in camera</u> proceeding—rather, all discussion of the juror's note was done in open court, with Robles present. Nothing precluded Robles from raising any comments he might have had about the note (though he identifies none) with his attorney, or otherwise participating in any way he wished. Moreover, the record shows that the substance of the note was trivial, as the juror stated in his note and at voir dire he did not know Ms. Melvin, nor Robles, nor anything else that bears on the trial.

Robles having failed to raise any meritorious claims of error that warrant review, the Court doubts that the appeal is not for the purpose of delay. <u>See</u> 18 U.S.C. § 3143(b)(1)(B). The Court also is unable to find that Robles's appeal raises a substantial question of law or fact likely to result in" reversal, a new trial, or a reduced sentence. <u>See</u> 18 U.S.C. § 3143(b)(1). Accordingly, Robles's motion for bail pending appeal is DENIED.

**IT IS SO ORDERED.**

Dated: April 27, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE